**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1177**

JINGFENG HUANG,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 29, 2012        Decided: August 31, 2012

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Troy Nader Moslemi, ALL PEOPLES LAW CENTER, P.A., New York, New York, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Leslie McKay, Assistant Director, Jason Wisecup, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jingfeng Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her brief on appeal, Huang challenges the agency's determination that she failed to establish eligibility for withholding of removal.[*]  "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion."  Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (citations omitted); see 8 U.S.C. § 1231(b)(3) (2006).  Based on our review of the record, we conclude that substantial evidence supports the agency's adverse credibility determination as well as its finding that Huang failed to demonstrate past persecution or a clear probability of future

---

[*] As Huang appears to recognize in her brief, our review is limited to the agency's denial of her requests for withholding of removal and protection under the Convention Against Torture. See 8 U.S.C. § 1158(a)(3) (2006); Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009).

persecution on account of her religion.  Because the evidence does not compel us to conclude to the contrary, we uphold the denial of relief.  See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011), petition for cert. filed (Aug. 6, 2012).

Huang also challenges the denial of her request for protection under the Convention Against Torture.  To qualify for such protection, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012).  Based on our review of the record, we conclude that substantial evidence supports the denial of her request for relief.  See Dankam v. Gonzales, 495 F.3d 113, 124 (4th Cir. 2007) (setting forth standard of review).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED